## LEWIS BARBER v. J. N. BRUNSON.

(Filed 9 December, 1931.)

**Deeds and Conveyances A f—Probate in this case held defective and deed of trust was null and void as notice to purchasers and creditors.**

The certificate of a notary public to a deed in trust on lands leaving out the name of the grantor and his wife is defective and its registration thereon is defective, and it is null and void as notice to purchasers and creditors.

APPEAL by defendant from *Stack, J.,* at May-June Term, 1931, of HENDERSON. Affirmed.

*Johnson, Smathers & Rollins for plaintiff.*
*Ray, Redden & Redden for defendant.*

PER CURIAM. This is an action to recover possession of a tract of land. The parties claim title under the Henderson Real Estate Company as a common source. One of the links in the chain of title is a deed of trust purporting to have been executed by A. C. Justus, S. L. Jones and J. T. Green, the alleged probate of which is as follows:

"State of North Carolina—County of.................. .........

I, G. P. Grove, a notary public of ....... ........ ....... ......county do hereby certify that ..... .......... . ................ and ..................... ......... ....., his wife, personally appeared before me this day and acknowledged the due execution of the ...........deed in trust; and the said.. .........being by me privately examined, separate and apart from her said husband, touching her voluntary execution of the same, doth state that she signed the same freely and voluntarily, without fear or compulsion of her said husband, or any other person, and that she doth still voluntarily assent thereto.

Therefore, let said deed in trust, with this certificate, be registered.
Witness my hand and notarial seal this 5 December, A.D. 1925.

G. P. Grove, Notary Public.

(Seal.)                                    ........... ................ ...County.

My commission expires 7 July, 1926."

"North Carolina—Henderson County.

The within certificate of G. P. Grove, notary public of Henderson County, is adjudged to be correct in due form and according to law. Let the deed in trust, with these certificates, be registered.

This 14 December, A.D. 1925.

J. S. Jones, Asst. C. S. C., Henderson County."

The Superior Court adjudged that the probate was defective and that as the deed was registered on a defective probate the registration is defective and the deed of trust null and void as notice to purchasers and creditors and, therefore, ineffective to defeat the plaintiff's claim of title. The judgment is

Affirmed.